# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )   Case No.  25-SW-207 |
| THE APPLICATION OF THE UNITED STATES | ) |
| OF AMERICA FOR A SEARCH WARRANT OF | ) |
| ONE PERSON UNDER RULE 41 | ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference)

Located within the jurisdiction of the District of Columbia, there is now concealed  *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) (Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) ; 21 U.S.C. § 841(b)(1)(E)(i) (Possession with Intent to Distribute a Controlled Substance). | |

The application is based on these facts:

See Affidavit in Support of Application for Search Warrant.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's  signature*

Matthew Brown, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone _____ *(specify reliable electronic means).*

Date:  ____7/25/2025____

_____
*Judge's signature*

City and state:  ____Washington, D.C.____     Matthew J. Sharbaugh
_____
(United States Magistrate Judge)

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☑ Original                    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>THE APPLICATION OF THE UNITED STATES<br>OF AMERICA FOR A SEARCH WARRANT OF<br>ONE PERSON UNDER RULE 41 | )<br>)<br>)<br>)<br>)<br>) | Case No.  25-SW-207 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located within the jurisdiction of the District of Columbia. *(identify the person or describe the property to be searched and give its location)*:

See Attachment  A (incorporated by reference).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment  B (incorporated by reference).

**YOU ARE COMMANDED** to execute this warrant on or before _____August 07, 2025_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Matthew J. Sharbaugh_____ .
                                                                                              *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      _____7/25/2025_____          _____
                                                                                    *Judge's signature*

City and state:      _____Washington, D.C._____          Matthew J. Sharbaugh
                                                                          United States Magistrate Judge

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br><br>25-SW-207 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

*Person to be Searched*

The person to be searched is Sidney Johnson, AKA Demetrius Harrison; Jeffrey

Mcpherson; Sidney Efrem Johnson, DOB 05/24/2000, PDID# 701985.



**ATTACHMENT B**

*Property to be seized from person of Sidney Johnson*

All items constituting evidence, fruits, and/or instrumentalities of violations of: (1) 18 U.S.C. § 922(g)(1) (Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year); and (2) 21 U.S.C. § 841(b)(1)(E)(i) (Possession with Intent to Distribute a Controlled Substance) (hereinafter, the "TARGET OFFENSES"), by Sidney Johnson, as described in the search warrant affidavit, including, but not limited to, the following:

    a.  A sample of the deoxyribonucleic acid ("DNA") of the person identified in Attachment A to be collected via buccal or oral swab in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A SEARCH WARRANT OF ONE PERSON UNDER RULE 41** | **Case No. 25-SW-207** |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION
UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, Matthew Brown, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing a search of a sample of the deoxyribonucleic acid ("DNA") from SIDNEY JOHNSON ("JOHNSON") to be collected via buccal or oral swab in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

2.      I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") since 2015.  I graduated from the Criminal Investigator Training Program and ATF Special Agent Basic Training.  I am currently assigned to the Washington Field Division in Washington, D.C.  My assignments include investigating the illegal possession and transfer of firearms, as well as violent crimes involving firearms.  During these investigations, I have analyzed records; participated in the search and seizure of phone, email, and social media records; conducted mobile and static surveillance; conducted interviews; prepared and sworn criminal complaints; and participated in the execution of search and arrest warrants.

3.      As a Special Agent, I am authorized by law or by a government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

3

4.     As a federal agent, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

5.     Through my training and employment, I am also familiar with the fact that each person has a unique DNA composition. DNA isolated from blood, hair, skin cells, or other genetic evidence left at the scene of a crime or left on evidence of a crime can be compared with the DNA of an individual to identify an individual as a potential suspect or exclude an individual as a potential suspect.

6.     I base the facts set forth in this affidavit upon my personal knowledge, information obtained during my participation in this investigation, review of documents to include business and bank records and official government records, knowledge obtained from other individuals including law enforcement personnel, and communications with others who have personal knowledge of the events and circumstances described herein.

7.     Because this affidavit is being submitted for the limited purpose of obtaining a search warrant for a buccal swab of JOHNSON, I have not set forth every fact learned during this investigation. I make this affidavit based, in part, on my personal knowledge and observations derived from my participation in this investigation, information provided by other law enforcement officers, reports and data provided by other officers, which I have read and reviewed, and, in part, upon information and belief.

8.     On the basis of this familiarity, and on the basis of other information your affiant has reviewed and determine to be reliable, I allege the facts to show there is probable cause to believe that evidence of violations of: (1) 18 U.S.C. § 922(g)(1) (Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding

One Year); and (2) 21 U.S.C. § 841(b)(1)(E)(i) (Possession with Intent to Distribute a Controlled

Substance) (the "TARGET OFFENSES"), will be found located in the cheek/saliva (buccal swab[1])

of JOHNSON.

## PROBABLE CAUSE

9.    On July 19, 2025, at approximately 3:15 pm, Officers Chase Williams, Michael

Webber, and Martha Perez-Parada, of the Metropolitan Police Department ("MPD") were

patrolling in a marked scout cruiser, dressed in full uniform.

10.    While traveling through the unit block of P Street, NE, Washington, D.C. the

Officers saw JOHNSON, who was initially facing the Officers, turn his body in such a way that

his left side was turned away from them, limiting their view.  JOHNSON also attempted to hide

his body behind an unidentified individual at the same location. Officer Williams got out of his

vehicle to speak with JOHNSON. After briefly speaking with Officer Williams, JOHNSON, who

was sitting on a rental e-bike, immediately got off the bike and began to quickly walk away from

Officer Williams. Officer Williams asked JOHNSON to stop so that he could speak with

JOHNSON, but JOHNSON refused to comply with Officer Williams' request and continued to

briskly walk away, clutching the left side of his body, while his right arm moved freely. Officer

Williams asked JOHNSON to stop a number of times, due to JOHNSON exhibiting behavior

consistent with that of an armed suspect. JOHNSON refused to comply with Officer Williams'

---

[1] As the Supreme Court has recognized, a "buccal swab" is a "common procedure" that involves "wiping a small piece of filter paper or a cotton swab similar to a Q-tip against the inside cheek of an individual's mouth to collect some skin cells." *Maryland v. King*, 133 S. Ct. 1958, 1967-68 (2013). This procedure is "quick and painless" and poses "no threat to the health or safety" of a defendant. *Id*. at 1968.

request and broke out into a full-on sprint, fleeing northbound in the 1200 block of North Capital Street, NE, Washington, D.C.

11.    During the pursuit, JOHNSON passed through the parking lot at 2 Florida Avenue, NE, Washington, D.C. While in the parking lot, Officer Williams saw JOHNSON drop a firearm and continue to run away. Seconds after Officer Williams saw JOHNSON drop a firearm, Officer Williams immediately picked up the discarded firearm to ensure scene safety and continued to chase JOHNSON. JOHNSON was ultimately arrested in the unit block of Q Street, NE, Washington, D.C.

12.    A search incident to arrest revealed JOHNSON possessed 18 individually manufactured sealed packages of Buprenorphine Naloxone, a Schedule III controlled substance, which was not prescribed to him. Thus, making it unlawful for the defendant to possess. The quantity found suggests possession with intent to distribute rather than personal use.

13.    The recovered firearm was a black Taurus, model G3, 9mm semi-automatic pistol (S/N ABE618239), loaded with one round in the chamber and eight rounds in a 15-round capacity magazine. The firearm was fully operational, designed to discharge a projectile through explosive force, intended for single-hand use, and had a barrel length under 12 inches. *See* Figures 1-3, below. An WALES/NCIC query confirmed the recovered handgun was reported stolen from Fairfax County.

// //

// //

// //

6



**Figure 1: Black Taurus 9 mm G3 Semi-automatic pistol (S/N ABE618239)**



**Figure 2: Eight Rounds in a 15-Round Capacity Magazine**



**Figure 3: 15-Round Capacity Magazine Found Inside Black Taurus 9 mm G3 Semi-automatic pistol (S/N ABE618239)**

14.     Your affiant is aware that there are no federally licensed firearms or ammunition manufacturers in the District of Columbia. Therefore, there is probable cause to believe that the firearm and ammunition described above traveled in interstate commerce before they were recovered in the District of Columbia.

15.     A criminal history check revealed that the defendant was convicted of Attempt to Commit Robbery on September 28, 2018, in D.C. Superior Court case 2017-CF3-011631, resulting in a 12-month sentence. On June 20, 2025, the defendant was also convicted of Possession of a Sawed-Off gun in Fairfax County, VA in case number FE-2024-0000471, and given a 3-year suspended sentence. As such, the defendant was aware that he had been previously convicted of crimes that were punishable by more than one year. This conviction also made the defendant ineligible to have a concealed pistol carry permit in the District of Columbia. A check of the D.C. Gun Registry Database revealed the defendant was not licensed to possess a firearm in the District of Columbia.

16.     JOHNSON was arrested on July 19, 2025.

17.     JOHNSON is currently detained within the District of Columbia.

**BUCCAL SWAB**

18.     There is probable cause to search JOHNSON for a saliva sample containing his DNA because there is a fair probability that his DNA is evidence of a crime.

19.     Based on the foregoing facts, your affiant believes there is probable cause to believe that the firearm was possessed by JOHNSON. Your affiant therefore believes there is probable cause to obtain a buccal swab from JOHNSON, to compare the DNA collected from the firearm recovered on July 19, 2025, to JOHNSON's DNA.

**CONCLUSION**

20.     Based upon the above-referenced facts, your affiant submits that there is probable cause to believe that evidence of the TARGET OFFENSES will be located in the cheek/saliva (buccal swab) of JOHNSON.

21.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.

Respectfully submitted,

Matthew Brown
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Affidavit submitted by email and attested to me as true and accurate by telephone, consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) by telephone on July 25, 2025.

HONORABLE MATTHEW J. SHARBAUGH
UNITED STATES MAGISTRATE JUDGE

9